OPINION
AMBRO, Circuit Judge.
Raymond Frantz appeals the judgment of the District Court against him and in favor of the defendants, Philadelphia Police Officers William G. Gress and John Hanejko.[1] As we discern no error in the findings of fact and conclusions of law entered by the District Court, we affirm.
I.
Frantz filed a complaint in July 2006 against Gress and Hanejko, alleging violations of his First and Fourth Amendment *302 rights, malicious prosecution, and the unconstitutionality under the Equal Protection Clause of §§ 10-723 and 723.1 of the Philadelphia Code. Frantz has been distributing religious tracts since 1984 with an outreach campaign for Jews for Jesus and Jewish Outreach Partnership for the Philadelphia Area, and he bases his complaint on two specific incidents that occurred while he was attempting to distribute his leaflets at the corner of Fourth and South Streets in Philadelphia.
The first incident occurred on April 9, 2005. According to Frantz, he was standing close to the curb, not blocking pedestrian passage, when Officer Gress told Frantz that he could not pass out handbills and that he was creating a litter problem. Gress, in contrast, testified that Frantz was standing in the middle of the sidewalk, causing pedestrians either to walk into the street or get “shoved up against” the wall. Gress informed Frantz he could not hand out leaflets. When Gress realized Frantz was distributing religious leaflets, for which a license is not required, Gress instead asked Frantz to move nearer to the curb to avoid obstructing the pathway. Frantz refused to comply after two orders.
Frantz was arrested and taken to the police station. Gress issued a citation for improper distribution of handbills, in violation of Philadelphia Code § 10-723.[2] The District Attorney later amended the charges to include “Obstructing the Highway” under 18 Pa. Cons.Stat. § 5507.[3] Frantz was found guilty in Municipal Court of violating § 10-723, but Frantz testified that the charges against him were dismissed at the Common Pleas level.
On June 18, 2006, Frantz testified that he was standing near the curb at the same location when Officer Hanejko told Frantz he could not hand out literature and threatened to arrest him if he did not leave. Officer Hanejko testified that Frantz was not near the curb but was standing in the middle of the sidewalk, causing pedestrians either to veer into the street or run into the wall to pass him. Hanejko further testified that he did not tell Frantz he could not hand out literature, but instead informed him that he could be arrested for obstruction of the highway if he did not move to the side so as not to obstruct pedestrian traffic. Frantz grew angry and left.
After the District Court denied Frantz’s motion for summary judgment, the case proceeded to a two-day bench trial. In June 2008, the District Court issued Findings of Fact and Conclusions of Law and entered judgment on all claims for Officers Gress and Hanejko. Frantz timely appealed. *303 [4]
II.
The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331, and we have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291.
This case comes to us after a non-jury trial. We review a District Court’s findings of fact for clear error and its conclusions of law de novo. Henglein v. Colt Indus. Operating Corp., 260 F.3d 201, 208 (3d Cir.2001). “We review credibility determinations, like other factual findings, under a clearly erroneous standard.” Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 137 (3d Cir.2009).
III.
Frantz challenged his 2005 arrest on Fourth Amendment grounds, contending that it was not supported by probable cause. However, Gress had probable cause to arrest Frantz when he refused Gress’s repeated requests to move from the middle of the sidewalk where he was obstructing the flow of pedestrian traffic.[5] Therefore, the District Court properly found that Frantz’s claim fails.[6] Frantz’s Fourth Amendment claim based on the 2006 encounter with Hanejko also fails, as we agree with the District Court that Frantz was not seized and therefore cannot show a violation of the Fourth Amendment.
Frantz also challenged the two incidents on First Amendment grounds. While “spreading one’s religious beliefs or preaching the Gospel through distribution of religious literature ... is an age-old type of evangelism with as high a claim to constitutional protection as the more orthodox types,” Murdock v. Pennsylvania, 319 U.S. 105, 110, 63 S.Ct. 870, 87 L.Ed. 1292 (1943), the Government may impose reasonable restrictions on the time, place, and manner of speech. See McTernan v. City of York, 564 F.3d 636, 646 (3d Cir.2009). The District Court found that Gress and Hanejko merely ordered Frantz to move from the middle of the sidewalk, nearer to the curb, so that pedestrians would not be forced to walk into the street or the wall. They did not order Frantz to leave or stop leafleting.
Where speech in a traditional public forum is limited without reference to the subject matter or viewpoint of the speech, as in this case, the challenged restriction is subject to intermediate scrutiny, and must be narrowly tailored to serve a significant governmental interest and leave open options for communication of information. Id. The District Court properly concluded *304 this restriction survived intermediate scrutiny. Even under heightened scrutiny, which imposes a more stringent “narrowing” requirement than intermediate scrutiny, the officers’ orders that Frantz move closer to the curb burdened his speech no more than was necessary. See id. at 655 (applying heightened scrutiny to a police directive issued by officers in the field).
Frantz sought to challenge on equal protection grounds the validity of §§ 10-723 and 723.1(1) of the Philadelphia Code, which require handbillers to clear discarded handbills at the end of daily distribution, because the statute does not require commercial vendors to clear litter they generate. However, commercial vendors are not similarly situated to handbillers (and indeed are covered by different sections of the code). The sections challenged by Frantz apply to commercial and non-commercial handbillers. See Phila. Code § 10-723.1 (requiring “[e]very distributor, distribution business, or person who distributes or causes to be distributed commercial or non-commercial handbills upon any public place within the City” to dispose of them at the end of the day). Accordingly, Frantz’s equal protection claim fails.
Frantz also claims that Hanejko “admitted” Frantz’s version of critical events in his answer to the Amended Complaint and his interrogatory responses. Specifically, Frantz asserts that Hanejko improperly failed to deny certain facts in the complaint and should have been barred from testifying to any facts not contained in his interrogatory responses. Because Frantz did not seek to exclude Hanejko’s testimony at trial, we do not consider this belated argument.[7] In any event, such a sanction likely would not have been appropriate. See Quinn v. Consol. Freightways Corp. of Delaware, 283 F.3d 572, 576 (3d Cir.2002) (“The exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.”) (quotation marks, citation, and alteration omitted).
Frantz also claims that the allegations in his Second Amended Complaint should be deemed “admitted” due to the officers’ “failure” to file an Answer to that pleading. This argument is frivolous. Frantz filed his Second Amended Complaint after the bench trial to add the first name of Officer Hanejko and clarify that each defendant was sued in his individual capacity. ‡ ‡ ‡
We thus affirm the judgment of the District Court.

. Frantz's initial complaint named as a defendant "Officer Anenko,” but the District Court granted Frantz's unopposed motion for leave to file an amended complaint replacing "Officer Anenko,” who does not exist, with the proper officer, Officer Hanejko.

. This section concerns distribution of commercial and non-commercial handbills on sidewalks, streets, and private property. Section 10-723.1 of the Code states:
Every distributor, distribution business, or person who distributes or causes to be distributed commercial or non-commercial handbills upon any public place within the City, shall, at the end of the daily distribution, clear or cause to be cleared any discarded handbills within a one hundred foot radius of the location where the handbills were distributed.

. The crime of obstructing highways and other public passages in Pennsylvania is defined as follows:
A person, who, having no legal privilege to do so, intentionally or recklessly obstructs any highway, railroad track or public utility right-of-way, sidewalk, navigable waters, other public passage, whether alone or with others, commits a summary offense, or, in case he persists after warning by a law officer, a misdemeanor of the third degree.
18 Pa. Cons.Stat. § 5507(a). The term obstructs “means renders impassable without unreasonable inconvenience or hazard.” Id. § 5507(c).

. Frantz does not appear to challenge the District Court’s finding in favor of the defendants on his malicious prosecution claim. In any event, we find no error in the District Court's ruling on this claim, as probable cause existed for Frantz’s arrest.

. We accept the District Court’s findings of fact on this issue, as they are not clearly erroneous and are supported by the officers' testimony. Frantz spends much of his brief arguing that he could not have interrupted pedestrian traffic given the width of the sidewalk. Whatever the sidewalk’s precise measurements, the District Court credited the officers’ testimony that pedestrians were forced against the wall or into the road because of Frantz’s location on the sidewalk, and we will not disturb this determination. See Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (“Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.”).

.While Gress initially issued a citation for a violation of the Philadelphia leafleting ordinance, with the obstructing violation added later by the District Attorney, “[p]robable cause need only exist as to any offense that could be charged under the circumstances.” Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir.1994).

. Before trial, Frantz moved to compel an additional response to the interrogatory requesting details from Hanejko on the 2006 incident. The District Court denied this request, and Frantz did not seek to revisit this ruling at trial or preclude Hanejko from testifying.